**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 26-CR-324-1** |
| **NYEEM ANDERSON** | : | |

**GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER**

The defendant is charged, along with two co-conspirators, for engaging in a conspiracy to possesses stolen U.S. Treasury checks and to steal government funds, in violation of 18 U.S.C. § 371. Defendant Anderson is also charged with two counts of possession of stolen mail, in violation of 18 U.S.C. § 1708. The conspiracy spanned from approximately December 13, 2024 to May 27, 2026 and involved hundreds of stolen U.S. Treasury checks with a face value of $42 million. Defendant Anderson was also charged with possessing another $15 million worth of stolen U.S. Treasury checks.

Discovery contains a voluminous amount of personally identifying information, the dissemination of which could cause harm to third parties. The amount of such information, and its prevalence throughout the discovery make its redaction impractical. At the same time, were the government to redact the personal identifying information, the discovery material would be of much less value to the defense as it would be difficult to correlate particular documents and transactions. Accordingly, the government respectfully requests this Court enter a protective order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, directing that the defendant and his counsel not disclose or display any of the discovery materials to third parties other than for use at trial or in preparation for trial. The government submits that this order is necessary to protect the privacy of uninvolved third parties and witnesses while making

discovery genuinely available to the defendant. The undersigned spoke with defense counsel for the defendant who had no objection to this request.

Accordingly, the government seeks a protective order that would permit defense counsel to effectively represent the defendant, including the disclosure of the materials to the defendant, with the following limitations:

1. Defense counsel may show to, but shall not leave copies of any materials in the possession of the defendant or any third party, that contain identifying information of other persons, including but not limited to birth dates, addresses, social security numbers, bank and credit card account numbers, and other financial information.
2. This order does not preclude defense counsel from providing copies of these materials to defense counsel's staff or to third parties, such as experts, as may be necessary for defense counsel's work on the defense of this matter, provided that: (i) defense counsel shall provide such persons with a copy of this protective order, advise such persons that the discovery materials are not to be further copied or disseminated, and (ii) have such persons return to defense counsel any copies of the discovery materials as soon those persons' need for them has ended, or the conclusion of the case, whichever comes first.

## I. BACKGROUND

On July 22, 2026, a federal grand jury returned a two-count Indictment against defendant McGough, charging the defendant with one count of conspiracy, in violation of 18 U.S.C. § 371 and one count of possession of stolen mail matter, in violation of 18 U.S.C. § 1708. As part of its investigation in the above-captioned case, the government is in possession of images of United States Treasury checks issued to numerous victims. The information on these checks

contains identifying information including name, residential address, valid serial check numbers and other relevant information. In addition, the discovery materials contain voluminous bank records which also contains identifying information including name, date of birth, social security numbers, bank accounts numbers and other identifying information of potential victims and related targets. While some of these materials may exceed the scope of the government's discovery obligations, these bank records specifically may be related to the charge and the relevant fraud loss against the defendant. As such, the government seeks to provide these documents to counsel for defendant.

The government intends to produce to the defendant's counsel materials related to personal identifying information of real persons, including, among other things, personal names, date of birth, social security numbers and potentially other identifiers. The proposed protective order is to allow for that disclosure while preventing the unauthorized dissemination, distribution or use of material containing the personal identifying information of others. If this information is disclosed to defendant without limitation, it will risk the privacy and security of the information's legitimate owners. The government has an ongoing obligation to protect these victims and third parties. The government would like to produce this information without redacting as the identifying information of these victims and on these checks, in many instances has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1 and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and defense counsel would not be able to adequately evaluate the case, advise his client, or prepare for trial. A protective order serves the government's interest in maintaining the privacy and security of victims and third parties, while

permitting the defense to understand the government's evidence against this defendant.

## II. LEGAL ANALYSIS

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Supreme Court confirmed that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165, 185 (1969). The Court should enter a protective order limiting review of discovery materials to the defendants, their counsel, and others assisting the defendant in preparation for trial.

In this case, absent a protective order for the discovery material, the government would be required to conduct a comprehensive review of the documents to determine which pages contain PII and thus need redaction. A protective order will allow the government to quickly provide the bulk of discoverable materials to the defendant so that he may prepare for trial without delay. Further, as described above, the government's investigative materials contain the PII of numerous individuals. These records are not publicly available and there is no public right of access to them. At the same time, this PII goes to the very nature of the charges against the defendant. Accordingly, a protective order is warranted to protect the privacy of individuals whose PII may be contained within the investigative material while allowing the defendant and his counsel the ability to fully review the material to prepare their defense.

## III. CONCLUSION

For the reasons set forth above, there is good cause in this matter for entry of a protective order limiting the disclosure of discovery materials only as needed by the defendant for preparation and use at trial. In this case, the compelling interests of protecting PII and timely resolving the case constitute good cause to enter the requested protective order. Accordingly, the government respectfully requests that the Court enter a protective order pursuant to Rule 16(d)(1) in the form of the proposed order attached to this motion.

Respectfully submitted,

DAVID METCALF
United States Attorney

__*/s Megan Curran*________________
Megan Curran
Special Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 26-CR-324-1** |
| **NYEEM ANDERSON** | **:** | |

**ORDER**

AND NOW, this __________ day of September 2026, upon consideration of the government's motion for a protective order, it is hereby

ORDERED

that, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, defense counsel may make whatever use of the discovery materials in this case necessary to effectively represent the defendant, including the disclosure of the materials to the defendant, with the following limitations:

1. Defense counsel may show to, but shall not leave copies of any materials in the possession of the defendant or any third party, that contains identifying information of other persons, including but not limited to birth dates, addresses, social security numbers, bank and credit card account numbers, and other financial information.
2. This order does not preclude defense counsel from providing copies of these materials to defense counsel's staff or to third parties, such as experts, as may be necessary for defense counsel's work on the defense of this matter, provided that: (i) defense counsel shall provide such persons with a copy of this protective order, advise such persons that the discovery materials are not to be further copied or disseminated, and

(ii) have such persons return to defense counsel any copies of the discovery materials as soon those persons' need for them has ended, or the conclusion of the case, whichever comes first.

BY THE COURT:

________________________________________
HONORABLE CHAD F. KENNEY
*Judge, United States District Court*

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Proposed Protective Order was served by email on the following defense counsel:

Joshua D. Hill, Esquire
Counsel for Nyeem Anderson
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103

*/s Megan Curran*
MEGAN CURRAN
Special Assistant United States Attorney

Date: September 2, 2026